**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ANGELA BAUER and ROBERT BAUER,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-00658-O-BP** |
| | § | |
| **SELECT PORTFOLIO** | § | |
| **SERVICING INC., *et al*.,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Motion for Summary Judgment that Origin Bank, Inc. ("Origin") and Select Portfolio Servicing ("SPS") filed on December 1, 2025 (ECF No. 21). As of today, Plaintiffs have not filed a response to the Motion. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **GRANT** the Motion for Summary Judgment (ECF No. 21) and **DISMISS** Plaintiffs' claims.

## I.    BACKGROUND

This case concerns a home equity loan on a property in Tarrant County, Texas. ECF No. 12 at 1. On January 11, 2026, Plaintiffs executed a home equity loan ("the Note") and related home equity security instrument ("the Lien") with Origin for the purchase of a home in Fort Worth. ECF No. 12 at 6. Plaintiffs claim that in May 2017, Origin "comprehensively refused all communication with Plaintiff Angela [Bauer]." *Id.* at 6. They assert further that Origin "refused to provide constitutionally and statutorily required documents and specific information regarding the Note and related Lien . . . including but not limited to accounting of the Note, accounting and

applications of payments made [], billing statements, payment coupons . . . and specific and required notices." *Id.*

Further, Plaintiffs allege that Origin "intentionally conceal[ed]" discussions with a terminated receiver and "falsely and fraudulently filed under oath . . . perjured sworn and averred testimony." *Id.* They argue that these deficiencies prevented Origin from foreclosing on the property. *Id.* at 7. Further, Plaintiffs argue that Origin and the terminated receiver conspired "to commit significant fraud against" them. *Id.* at 13.

Plaintiffs claim that Defendants committed fraud, violated the Texas Constitution and Administrative Code and injured them as a result. *Id.* at 15, 33. They assert that Defendants' various violations render the loan "invalid, unconstitutional, and void." *Id.* at 6. They contend that Defendants violated the Fair Credit Reporting Act ("FCRA") when they "falsely fil[ed] negative credit reports against" them. *Id.* at 7. Additionally, they argue that Defendants violated the Texas Debt Collection Practices Act ("TDCPA") and the Deceptive Trade Practices—Consumer Protection Act ("DTPA") through wrongful acceleration of the loan. *Id.* at 113. Plaintiffs request judgement for breach of contract, fraud, declaratory judgment, a Court order quieting title, damages, interest, and fees. *Id.* at 126.

## II.     LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Slaughter v. S. Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue is 'material' if it involves a fact that might affect the outcome of the

suit under the governing law." *Burgos v. Sw. Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir. 1994). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)). "To satisfy this burden, . . . if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, [the movant may] demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense." *Duplantis v. Shell Offshore, Inc.*, 984 F.2d 187, 190 (5th Cir. 1991).

When a movant carries its initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment would be improper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Merely colorable evidence or evidence not significantly probative will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Id.* at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

The Court must view summary judgment evidence in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.

3

1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). Such evidence need not be in admissible form but must be capable of being "presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). A party adverse to a motion for summary judgment "may not rest upon the mere allegations or denials of [her] pleading." *Duplantis*, 849 F.2d at 190. Instead, their response "by affidavits or as otherwise provided in [Rule 56(c)], must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 190-91.

Overall, the Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 242-43. The movant's motion for summary judgment will be granted only if it meets its burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56; *Duckett*, 950 F.2d at 276.

There is no duty "upon the district court . . . to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A properly entered summary judgment does not require the Court to search the entire record and find it "bereft of a genuine issue of material fact before summary judgment may be properly entered." *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988). Instead, the non-movant must offer evidence to defeat their opponent's summary judgment motion and include that evidence in response to the motion. The Court does not consider evidence beyond that which the non-movant presents in the response. *Malacara v. Garber*, 353

F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court.").

When the nonmovant files no response to a summary judgment motion, the Court nevertheless cannot grant a default judgment, even if the failure to respond violates a local rule. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). The court may only grant the motion if the movant has established the absence of a genuine material fact. *Id.* The court may, however, accept the movant's evidence and factual assertions as undisputed. Fed. R. Civ. Pro. 56(e)(2); *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (affirming summary judgment as the defendant's "submittals made a *prima facie* showing of its entitlement to judgment"). "A summary judgment nonmovant who does not respond to the motion is relegated to [their] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996).

## III.    ANALYSIS

Because Plaintiffs did not file a response to the Motion, the Courts takes as undisputed the facts and evidence that Defendants submitted in support of the Motion. The undisputed facts are as follows. Plaintiffs' home equity loan has been in default since May 1, 2018. ECF No. 22 at 8. On March 14, 2019, Origin filed an application for expedited foreclosure. *Id.* at 11. "Through one or more assignments . . . the Deed of Trust was assigned to SPS. SPS is the current owner and holder of the Note, the current mortgagee for the Loan and is legally authorized to enforce same." *Id.* SPS sent a notice of default and intent to accelerate to Plaintiffs by certified mail on October 10, 2024. *Id.* The borrower remains in default and "has refused to cure such defaults or pay the

accelerated balance due under the Loan." *Id.* at 12. The accelerated balance due as of December 11, 2025 was $889,394.13. *Id.*

### a. No genuine issue of material fact on whether the statute of limitations bars foreclosure

Plaintiffs allege in their complaint that Origin continued to file claims past the four-year foreclosure statute of limitations and the six-year installment notes statute of limitations. ECF No. 12 at 22. They argue that the statute of limitations period began on March 14, 2019 when Origin filed the application for expedited foreclosure. *Id.* at 62. Therefore, they assert that any foreclosure or related claims are void because of the expiration of the statutes of limitations. *Id.* at 29.

> Under Texas law, a secured lender "must bring suit for . . . the foreclosure of a real property lien not later than four years after the day the cause of action accrues." Whereas here, "a note or obligation [is] payable in installments [and] is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment." "If a note or deed of trust secured by real property contains an optional acceleration clause," however, the action accrues "when the holder actually exercises its option to accelerate."

*Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015) (citing Tex. Civ. Prac. and Rem. Code § 16.035(a); *EMC Mortg. Corp. v. Window Box Ass'n, Inc.*, 264 S.W.3d 331, 335 (Tex. App.—Waco 2008, no pet.); *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)).

However, "[t]he acceleration of a note can be abandoned "by agreement or other action of the parties." *Id.* (citing *Khan v. GBAK Props.,* 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.)). "Abandonment of acceleration has the effect of restoring the contract to its original condition, thereby restoring the note's original maturity date for purposes of accrual." *Id.* (internal quotations omitted).

Here, Origin mailed Plaintiffs a Demand and Notice of Default on November 13, 2019, which abandoned any alleged acceleration that occurred on March 14, 2018. ECF No. 23-7,

*Benamou v. Wells Fargo Bank Nat'l Ass'n for Carrington Mortgage Loan Tr., Series 2007-FRE1, Asset-Baked Pass-Through Certificates*, No. 3:16-cv-401-L-BK, 2017 WL 1394949, at *4 (N.D. Tex. Feb. 5, 2017), *rec. adopted sub nom.*, No. 3:16-cv-401-L, 2017 WL 743714 (N.D. Tex. Feb. 27, 2017), *aff'd sub nom.*, 711 F. App'x 241 (5th Cir. 2018) ("Even if a noteholder has accelerated the note, it abandons that acceleration by continuing to accept payments thereafter. Sending acceleration warnings that request payment on less than the full amount of a loan also gives notice to the borrower that any prior acceleration attempts were abandoned.") (internal citations omitted)). As a result, Plaintiffs' statute of limitations arguments are unsuccessful because the statutes did not accrue in March 2019 as they claim and therefore have not expired for Defendants' foreclosure actions.

Additionally, Defendants have successfully established that they are entitled to tolling under §16.035(a) of the Texas Civil Practice & Remedies Code because a court appointed a receiver on June 26, 2018. ECF No. 22 at 17. Because a legal action prevented Defendants from exercising their "contractually granted power of sale . . . the statute of limitations for exercising such power [is] thus tolled during the pendency" of such actions. *Curry v. Ocwen Loan Servicing LLC*, No. cv H-15-3089, 2016 WL 3920375, at *6 (S.D. Tex. July 14, 2016). The 348th Judicial District Court of Tarrant County appointed a receiver on June 26, 2018, and after 851 days, terminated the receivership on July 12, 2021. ECF No. 22 at 17, ECF No. 23-11 at 1. Therefore, equitable tolling of 851 days is appropriate, and this renders Plaintiffs' limitations arguments moot. Summary judgment is appropriate because no genuine issue of material fact exists as to whether the statute of limitations bars foreclosure.

**b.      No genuine issue of material fact on whether the deed of trust is valid**

Plaintiffs argue that the deed of trust is invalid and violates the Article XVI of the Texas Constitution because Plaintiff Robert Bauer executed the deed of trust but not the note. ECF No. 12 at 115. However, Article XVI is satisfied when one spouse voluntarily signs the deed of trust, regardless of whether the other spouse signs the note. *Wilmington Tr., Nat'l Ass'n v. Blizzard*, 702 F. App'x 214, 216 (5th Cir. 2017). Accordingly, there is no genuine issue of material fact on this point.

**c.      No genuine issue of material fact on whether Defendants breached the contract**

Plaintiffs next allege that Defendants breached the home equity loan contract because "the loan is noncompliant and the lender/holder fail[ed] to cure after notice." ECF No. 12 at 112. They argue that the lenders' wrongful acceleration of the loan constitutes a breach of contract. *Id.* at 113. "The elements of a cause of action for breach of contract are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach." *Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 628 (N.D. Tex. 2010) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, no pet.)).

However, Plaintiffs do not provide support for this claim. They point to no evidence that they performed under the contract, that Defendants breached the contract, or that they suffered damages as a result. Because Plaintiffs have offered no evidentiary basis for any element of their breach of contract claim, there is no genuine issue of material fact as to whether Defendants breached the contract.

8

**d.    No genuine issue of material fact on Plaintiffs' claims of fraud, failure to disclose, and related claims**

"A fraud cause of action requires a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998) (internal citations and quotations omitted). In federal court, "[f]raud claims must [] meet the heightened pleading standard of Rule 9(b), under which 'a party must state with particularity the circumstances constituting fraud.'" *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010) (citing Fed. R. Civ. P. 9(b).

"'At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation . . .' Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." B*enchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003), *opinion modified on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003) (internal citations omitted).

Here, Plaintiffs allege repeatedly that Defendants defrauded them. *See* ECF No. 12 at 6, 8, 11-15, 121, 122. However, they offer no evidence demonstrating "with particularity the circumstances constituting fraud." *City of Clinton, Ark.*, 632 F.3d at 153. Plaintiffs do not point to any evidence showing that there was a material misrepresentation, that was false, that Defendants knew to be false or asserted without knowledge of its truth, which was intended to be acted upon, which was relied on, and caused injury. *Formosa Plastics Corp. USA*, 960 S.W.2d at 47. Plaintiffs' complaint is completely bereft of the necessary elements of any fraud claims, and they offer no evidence to support their claims. As a result, no genuine issue of material fact exists on Plaintiffs' claims of fraud, failure to disclose, and related claims, and summary judgment is appropriate.

**e.    No genuine issue of material fact on wrongful acceleration**

Plaintiffs assert a "wrongful acceleration" claim against Defendants, for a violating §
51.002(d) of the Texas Property Code. ECF No. 12 at 113. They argue this wrongful acceleration
also violated the TDCPA and the DTPA. *Id.* "Wrongful acceleration of a real estate note . . .
violates the [TDCPA] and the [DTPA] as a matter of law." *Swim v. Bank of Am., N.A.*, No. 3:11-
cv-1240-M, 2012 WL 170758, at n. 37 (N.D. Tex. Jan. 20, 2012).

But here, Plaintiffs do not provide evidentiary support for their assertions that the lender
did not provide them with twenty days written notice of intent to accelerate by certified mail as
Texas law requires. Without any evidence to support their claims, Plaintiffs cannot succeed.
Therefore, summary judgment is appropriate because no genuine issue of material fact exists as to
whether there was a wrongful acceleration.

**f.    No genuine issue of material fact on whether forfeiture of principal and
interest is an appropriate remedy**

Plaintiffs contend that because Defendants violated the Texas Constitution, forfeiture of
principal and interest is an appropriate remedy. ECF No. 12 at 115. They argue that (1) their note
did not contain all the necessary requirements under Chapter 50 of the Texas Property Code, (2)
their loan was wrongfully accelerated, and (3) Defendants were notified of the unlawful conduct
and breach of the Note. *Id.* at 115-117. They argue that because Texas law provides citizens with
the "freedom from forced sale to satisfy debts other than those described in its exceptions," the
Court should order that Defendants forfeited their right to principal and interest. *Id.* at 114.

For the reasons previously stated, Plaintiffs' contentions are unavailing. While Plaintiffs
list various alleged violations of Texas law and the Texas Constitution, they do not point to specific
allegations or offer any evidence to support their claims. Conclusory restatements of violations,
without an evidentiary basis, are insufficient to keep their claims alive. Because no genuine issue

of material fact exists as to whether the violations they claim occurred, or whether forfeiture of principal and interest is an appropriate remedy, summary judgment is appropriate.

g.   **No genuine issue of material fact on whether Plaintiffs are entitled to declaratory judgment**

"The Declaratory Judgment Act, which authorizes a federal court to 'declare the rights and other legal relations of any interested party seeking such declaration,' is merely a procedural device and does not create any substantive rights or causes of action." *Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 792 (5th Cir. 2018) (citing 28 U.S.C. § 2201(a); *Harris Cty., Tex. v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015); *Okpalobi v. Foster*, 244 F.3d 405, 423 n.31 (5th Cir. 2001) (en banc)).

Plaintiffs cast their request for declaratory judgment as a separate cause of action. *See* ECF No. 12 at 119. However, they seek declaratory judgment as a remedy for the invalid loan and breach of contract claims they assert in the preceding sections of their complaint. *See id.* Because Plaintiffs have not successfully established a right to relief for their underlying claims, declaratory judgment is not available to them. As a result, summary judgment is appropriate because no genuine issue of material fact exists as to Plaintiffs' request for declaratory judgment.

h.   **No genuine issue of material fact on whether Plaintiffs are entitled to an action for quiet title**

"Under Texas law, a claim to quiet title requires that the plaintiff prove: '(1) he has an interest in a specific property, (2) title to the property is affected by a claim by the defendant or defendants, and (3) the claim, although facially valid, is invalid or unenforceable.'" *Cervantes v. New Century Mortg. Corp.*, 633 F. App'x 290, 291 (5th Cir. 2016) (citing *Green v. JPMorgan Chase Bank, N.A.,* 937 F.Supp.2d 849, 863 (N.D. Tex. 2013) *aff'd sub nom.,* 562 F. App'x 238 (5th Cir. 2014)).

Here, while Plaintiffs argue that quiet title is appropriate, they have not sufficiently set forth all the required elements because and have not shown that Defendants' claim to the property is "invalid or unenforceable." *Cervantes*, 633 F. App'x at 291. They have offered no summary judgment evidence to show that the note is invalid due to the statute of limitations, fraud, and violations of the Texas Constitution. Without such evidence, Plaintiff have not shown that the Court should quiet title, and summary judgment for Defendants is required.

### i. Summary judgment proper on SPS' request for an order authorizing foreclosure and declaration of its right to foreclose on the property

SPS seeks an order of foreclosure and declaration of its right to foreclose on the property. ECF No. 22 at 25.

> To show entitlement to an order authorizing foreclosure under a security instrument with a power of sale, [d]efendant must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Article 16, Section 50(a)(6) of the Texas Constitution; (3) the plaintiff is in default under the lien and security instrument; and (4) the plaintiff has been properly served with notice of default and notice of acceleration.

*Easterling v. U.S. Bank Nat'l Ass'n*, No. 3:16-cv-3403-L-BH, 2018 WL 7266516, at *10 (N.D. Tex. Dec. 6, 2018), *rec. adopted*, No. 3:16-cv-3403-L, 2019 WL 156264 (N.D. Tex. Jan. 10, 2019).

SPS is entitled to the relief it requests through summary judgment evidence to which Plaintiffs did not respond. *Bourgeois v. Select Portfolio Servicing, Inc.*, No. 3:22-cv-146, 2023 WL 3781647, at *6 (S.D. Tex. May 1, 2023). SPS showed a debt exists that a home equity loan created under Article 16, Section 50(a)(6) of the Texas Constitution secures. ECF No. 23-1, 23-2, 23-3. It proved that a default under the deed of trust exists. ECF No. 23-1 at 2. Finally, SPS offered evidence establishing that the borrower was properly served with the notice of default and notice of acceleration. *Id.*, ECF No. 23-7, 23-8.

The Court should enter judgment that SPS may foreclose on the property at issue because "Plaintiffs defaulted on their contractual payment obligations, remain in default, and [SPS] has

12

complied with all prerequisites to foreclosure." *Bourgeois v. New Century Mortgage Corp.*, No. 3:17-cv-00059, 2018 WL 3118392, at \*7 (S.D. Tex. June 1, 2018), *rec. adopted*, No. 3:17-cv-00059, 2018 WL 3104918 (S.D. Tex. June 25, 2018).

## IV.     CONCLUSION

When a party properly moves for summary judgment, "Rule 56 . . . saddles the non-movant with the duty to designate the specific facts in the record that create genuine issues precluding summary judgment." *Jones v. Sheehan, Young & Culp, PC*, 82 F.3d 1334, 1338 (5th Cir. 1996) (internal quotation marks omitted). If there are facts that can defeat summary judgment, they are for the non-movant to identify and offer for the Court's consideration. Plaintiffs have not done so. For these reasons, the undersigned **RECOMMENDS** that Chief Judge O'Connor **GRANT** the Motion for Summary Judgment (ECF No. 21), **DISMISS** Plaintiffs' claims with prejudice, and **ORDER** that SPS is authorized to foreclose its security interest in the property at issue.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th

Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

      **SIGNED** on January 16, 2026.

                        Hal R. Ray, Jr.
                        UNITED STATES MAGISTRATE JUDGE